[Civ. No. 18623.   First Dist., Div. One.   Mar. 10, 1960.]

MARK HANSON, a Minor, etc., Plaintiff and Appellant, v. LAURA HANSON, Respondent; GERALD COCHRAN, Defendant and Appellant.

John A. Nejedly, District Attorney (Contra Costa), and George W. McClure, Deputy District Attorney, for Plaintiff and Appellant.

Benjamin F. Marlowe for Defendant and Appellant.

Deadrich & Deadrich and Paul E. Deadrich for Respondent.

DUNIWAY, J.—This appeal is utterly without merit. The action was begun in the name of a minor child, by appellant as guardian *ad litem* appointed ex parte, against Laura Hanson and appellant himself, to establish that he and Laura are the parents of the minor. Appellant is not the husband of Laura. She answered, denied that appellant is the father of the child, and alleged that she and her husband, Alton Hanson, are the parents, the child having been conceived and born while they were cohabiting as husband and wife. On her motion, appellant was removed as guardian *ad litem*. The district attorney was selected by the court as, and appointed,

guardian *ad litem*. Appellant's default, for failure to answer, was caused to be entered by appellant's own counsel. The district attorney moved to remove appellant's counsel as counsel for the guardian *ad litem*. When this motion came on for hearing, all parties being present in court, including appellant and an attorney associated with appellant's attorney, the court heard the matter on the merits. Mr. and Mrs. Hanson testified to their marriage and cohabitation and that they were the parents of the child. Their marriage certificate, the child's birth certificate, and an interlocutory decree of divorce, finding that they are the parents and awarding custody of the child to the mother, were received in evidence. Appellant requested a continuance, which was denied. At the suggestion of the court, he took the stand, but refused to testify as to the paternity of the child, on the sole ground that his attorney was not present. The court entered a judgment establishing the paternity of the child, finding that Mr. and Mrs. Hanson are its parents.

The appeal purports to be by appellant both as guardian *ad litem* and individually, and from an order dissolving a temporary restraining order preventing the mother from removing the child from the state, from the order removing appellant as guardian *ad litem* and appointing the district attorney as such guardian, from the order substituting the district attorney for the appellant's attorney as attorney for the guardian, and from the judgment. Only the judgment is mentioned in the brief, and then only as it affects appellant individually. The other appeals are abandoned. The only complaints are that appellant had no notice of trial, and that the court refused a continuance. ██ Since appellant's default had been taken, he was not entitled to notice and had no standing to ask for a continuance. (Code Civ. Proc., §§ 585, subd. 2, 1010, 1014; 2 Witkin, California Procedure, p. 1699.) The court gave the appellant more consideration than he was entitled to. Moreover, the judgment was in appellant's favor, in his capacity of defendant.

Judgment affirmed; appeals from orders dismissed. Appellant's counsel is fined $150 for taking a frivolous appeal, such amount to be added to respondent's costs on appeal.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied April 4, 1960, and the petition of defendant and appellant for a hearing by the Supreme Court was denied May 4, 1960.