[Civ. No. 24187.   Second Dist., Div. Two.   Aug. 18, 1960.]

DOROTHY PAULINE MUNROE, Appellant, v. HARRY SILVERS* et al., Respondents.

*The true name of this defendant is Silver, but the pleadings were never amended to so state.

Dorothy Pauline Munroe, in pro. per., for Appellant.

Olson & Hedin and Joe D. Olson for Respondents.

FOX, P. J.—This is an action for personal injuries. Judgment was rendered for defendants. Plaintiff has appealed.

On January 17, 1955, and for some years prior thereto, defendant Silver operated The City Drug Company, on Colorado Boulevard, in Pasadena. He did not, however, own the building. The entrance from Colorado Boulevard was through two swinging doors, the westerly of which was kept in a stationary position during the winter season. At approximately 5:40 p. m. on the above date, plaintiff sought to enter the drug store for the purpose of making a purchase. At that moment another person was coming out of the store through the east door. As the door was pushed outward, plaintiff stepped aside to the east until the other person cleared the exit. Then, according to plaintiff, she placed her right hand on the metal plate on the outside of the swinging door and followed the door inward for the purpose of entering the store. The door had considerable momentum because it had been pushed so far outward by the person who had just left. As a consequence, the door moved so fast that plaintiff's hand lost contact with it. Plaintiff further explained that the swinging door then hit the other door, which was stationary, bounded back and that her right index finger was caught between the swinging and stationary doors, causing a comminuted fracture. Plaintiff extracted her finger by pushing the swinging door inward.

Plaintiff's theory is that a dangerous condition existed in the operation of these doors which could have been discovered by the exercise of reasonable care; that Silver failed to exercise such care; and that her injury was the proximate result of such failure on his part.

Silver, however, testified, *inter alia,* that the door ". . . swung freely. It opened in and out." And that nothing "untoward" happened when other customers had used it. He also explained that he inspected the doors every year and oiled them on these occasions; that he had "checked them a week before the accident" (this being the once-a-year time that he oiled them) and "found them to be in perfect condition."

Written findings of fact and conclusions of law were waived. But in rendering judgment for defendants the trial court stated: "I cannot find from the evidence that the reasonably prudent person, maintaining a store in a safe condition for customers who were business invitees, would have done any more than the defendant, Silver, did. . . ." That is to say, the court found no negligence on the part of defendants. (The court added: "The only way that I can possibly explain this accident is that this lady got her finger in between the doors by her own act of contributory negligence.")

It is apparent that this is purely a factual case. The question then is: Did plaintiff establish by a preponderance of the evidence that her injury was proximately caused by defendants' negligence? Or, to state the problem another way: Is there substantial evidence to support the trial court's implied finding that Silver was not negligent in the maintenance and operation of the doors to the entrance of his drug store?

In such an inquiry we start with the premise that it is the duty of the trial court to pass upon the credibility of the witnesses and to determine the weight that should be given to their testimony. This is for the reason that the trial judge has an opportunity to see and hear the witnesses and to observe their demeanor on the witness stand, while an appellate court has no such opportunity. (*La Jolla Casa deManana* v. *Hopkins,* 98 Cal.App.2d 339, 345-346 [219 P.2d 871].) In evaluating the testimony the trial court is entitled to take into account the motives of the witness and his interest in the outcome of the case. (*Huth* v. *Katz,* 30 Cal. 2d 605, 609 [184 P.2d 521] ; *Hill* v. *Thomas,* 135 Cal.App.2d 672, 681-682 [288 P.2d 157] ; *Kraut* v. *Cornell,* 175 Cal.App.2d 528, 531-532 [346 P.2d 438].) It is thus apparent that the trial court was not required to give full credence to plaintiff's testimony as to how the accident happened. It is also apparent from the trial judge's remarks at the conclusion of the case and from the judgment he rendered that he did not give full credence to her testimony, and that in the exercise of his discretion he chose to accept the testimony of defendant Silver as to the condition of the doors and their manner of operation. This determination is binding on appeal. (*Duzé* v. *Ace Tractor & Equipment Co.,* 173 Cal.App.2d 300, 303 [343 P.2d 315].)

Viewing the evidence, as we must on appeal, in the light most favorable to the party who prevailed in the lower court (*Gardner* v. *Rubin,* 149 Cal.App.2d 368, 372 [308 P.2d 892]), it is clear that there is ample evidence to sustain

the implied finding that Silver was not guilty of negligence in the maintenance or operation of the entrance doors to his store. He had checked and serviced these doors "a week before the accident" and "found them to be in perfect condition." Also, the particular swinging door through which plaintiff sought to enter "opened in and out" and "swung freely." Having found substantial evidence to support the court's implied finding of no negligence on the part of Silver, we need go no further. (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231].)

In view of our conclusion that plaintiff failed to establish negligence on the part of defendants, it is unnecessary for us to consider whether plaintiff's injury was due to some act of negligence on her own part. It is also unnecessary to consider other questions that are discussed in the briefs.

The judgment is affirmed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.