[Civ. No. 25249.   Second Dist., Div. Four.   Dec. 19, 1961.]

GRACIE EVELYN JONES, Plaintiff and Appellant, v. BURGERMEISTER BREWING CORPORATION et al., Defendants and Respondents.

Kenneth Sperry and Arthur D. Guy for Plaintiff and Appellant.

Schell & Delamer, Richard B. Goethals, Earle K. Stanton, Ball, Hunt & Hart and Clarence S. Hunt for Defendants and Respondents.

BURKE, P. J.—Plaintiff Gracie Jones brought this action against defendants Burgermeister Brewing Corporation and Downey Distributor, both corporations, for damages incurred from an alleged explosion of a Burgermeister beer bottle. From a jury verdict and judgment for defendants, plaintiff appeals.

The complaint alleged a duty on the part of defendants to "manufacture, bottle, and distribute the . . . beer in a safe condition and to bottle the same free from excessive internal pressure and in proper and safe containers to withstand the internal pressure of the contents so that no harm would come to the plaintiff"; and that defendants, in violation of that duty, manufactured, bottled and distributed the beer in an unsafe condition so that while she "was lawfully and carefully using" it, the bottle exploded, causing injury to her person.

Plaintiff further alleged in the same cause of action: "That the defendants Burgermeister Brewing Corporation and Downey Distributor likewise knew that the bottled beer which they sold and distributed to plaintiff's employer as aforesaid would be handled by various members of the public including plaintiff and undertook to manufacture, distribute and sell to plaintiff's said employer bottled beer that could be safely

handled and that said defendants warranted that said bottles of Burgermeister Beer including the bottle that exploded and caused plaintiff's injuries as herein alleged, could be safely handled by plaintiff and that the same would not explode or break while being transported or handled in a careful manner.''

Defendants answered denying negligence on their part, alleging by way of affirmative defense that the injuries to plaintiff were proximately caused by plaintiff's negligent handling of the bottle. They denied the existence of a warranty as alleged by plaintiff.

The parties stipulated to a preliminary pretrial conference order for the appointment of physicist William W. Harper as an independent expert to examine the bottle fragments.

The issues raised in the complaint and answers were repeated in the final pretrial conference order, with the additional contention raised by defendant Downey that plaintiff had failed to allege the giving of notice pursuant to Civil Code section 1769, and that therefore no cause of action for breach of warranty was stated.

Thereafter, and before the date set for trial, plaintiff moved to amend her complaint. The motion was granted. The amendment recited that ''within a reasonable time after learning of the same, and to wit, on or about the 20th day of September, 1957, plaintiff gave notice to the defendants of the aforesaid breach of warranty by causing her attorney to forward to the defendant BURGERMEISTER . . . a written communication. . . .''

The letter referred to the injury and stated in part: ''Since there was apparently some defect in connection with the bottling or distribution of this product Mrs. Jones has requested me to take whatever action may be necessary to recover in her behalf for the damages sustained by her.''

The appeal is presented by way of the clerk's transcript and an engrossed narrative statement from which the following appears:

On July 6, 1957, plaintiff, a waitress employed at the Sky Lite Café in Compton, California, shortly after the close of business (2 a. m.), was transferring bottles of beer from their cases into a beer cooler when one of the bottles exploded, casting pieces of glass about the restaurant and resulting in lacerations to the plaintiff's eyes and face. The bottle of beer was manufactured and bottled by defendant Burgermeister and distributed to the Sky Lite Café by defendant Downey.

The questions presented by plaintiff on this appeal are:

1. Did the trial court err in refusing to give plaintiff's requested instructions Nos. 3, 4 and 8 on the subject of implied warranty, and in ruling that the doctrine of implied warranty had no application to the facts presented in the case at bar?

2. Did the trial court err in failing to reread on two separate occasions all of the instructions relating to the doctrine of res ipsa loquitur when requested by the jury to reread the instructions on that subject?

3. Does the verdict and judgment have any substantial support in the evidence where it conclusively appears therefrom that plaintiff's injuries and damages were attributable to the breach of an implied warranty of fitness?

In the engrossed narrative statement on appeal the following is included: ''The defendant Burgermeister thereupon rested its case whereupon the court invited counsel for the respective parties to a conference in his chambers out of the presence of the jury for the purpose of discussing the subject of instructions. In connection therewith, the trial court stated that he did not intend to give any instructions upon the subject of implied warranty. The trial court stated that he would only give instructions relating to negligence and to the doctrine of res ipsa loquitur. For this reason counsel for plaintiff was unable to and did not argue the theory of implied warranty to the jury.''

Respondents contend that the trial judge was correct in his conclusion because the issue of implied warranty was not properly before the jury. They assert that the complaint failed to allege a breach of warranty, damages as a result thereof and notice of such breach; that no application was made at the time of the final pretrial hearing to amend to include an allegation of notice (although the absence of an allegation of notice was raised by defendant Downey at the pretrial hearing), nor did the final pretrial order reserve plaintiff's right to amend; that although plaintiff subsequently made a motion to amend her complaint that motion (over objection) was improperly granted; and that the notice alleged to have been given failed to notify of a breach of warranty, but only that there was an accident and apparently some defect in the bottle.

The allegations of the complaint, and of the final pretrial order, followed by the amendment of the complaint with respect to notice, were sufficient to allege a breach of a warranty that the bottle would not explode while being care-

fully handled by plaintiff, and of damages caused on account of the breach. True, as pointed out by respondent Downey, plaintiff failed to separately state her causes of action based on negligence and on warranty. (Code Civ. Proc., § 427.) The complaint was demurrable on this basis; however, none was filed and the issues of both warranty and negligence were recognized and perpetuated by the pretrial order, thereby rendering academic plaintiff's failure to separately state her causes of action. (*Fitzsimmons* v. *Jones*, 179 Cal.App.2d 5, 9-10 [3 Cal.Rptr. 373], and authorities there cited; *Baird* v. *Hodson*, 161 Cal.App.2d 687, 690 [327 P.2d 215].)

▮ Permitting plaintiff to allege the giving of notice in an amendment to the complaint was within the discretion of the court. (*Vogel* v. *Thrifty Drug Co.*, 43 Cal.2d 184, 188 [272 P.2d 1].) ▮ The fact that the pretrial order did not contain any allegation of notice did not preclude the plaintiff from alleging notice in a subsequent amendment to the complaint. (*Rocky Mountain Export Co.* v. *Colquitt*, 179 Cal.App. 2d 204, 206 [3 Cal.Rptr. 512].) ▮ The amendment constituted a modification of the pretrial order within the meaning of rule 8.8 of the Judicial Council Rules for the Superior Court. (*Wickman* v. *Opper*, 188 Cal.App.2d 129, 134 [10 Cal.Rptr. 291].)

▮ Respondents' contention that the notice was insufficient in form is without merit. ▮ "No particular form of notice is required. It need merely apprize the seller that the buyer intends to look to him for damages." (*Whitfield* v. *Jessup*, 31 Cal.2d 826, 830 [193 P.2d 1].)

▮ Defendant Burgermeister takes the position that the court was justified in not instructing on the implied warranty theory because there was no evidence that the bottle was defective when delivered to the Sky Lite Café. (See *Trust* v. *Arden Farms Co.*, 50 Cal.2d 217, 223 [324 P.2d 583].)

The uncontroverted fact is that in the case at hand the bottle did explode. This fact standing alone does not impose liability on defendants. "There was no evidence that the bottle was defective when delivered by Arden to plaintiff, and therefore there is no basis for claiming any breach of warranty. The doctrine of res ipsa loquitur relates to cases involving negligence and has no application to an alleged breach of warranty. [Citing cases.]" (*Trust* v. *Arden Farms Co., supra*, 50 Cal.2d 217, 223.) The evidence given in the instant case by the independent expert of the existence of a "pronounced abrasion or scuff mark at the lower portion of bottle which

was probably caused by grinding some hard object against the bottle . . ." was sufficient to require the court to properly instruct the jury on both issues of implied warranty and negligence.

■■ Respondents assert that certain instructions proffered by the plaintiff and refused by the court were faulty in several respects and that the court was not required to give them as offered or to modify and give them. (*Shaw* v. *Pacific Greyhound Lines*, 50 Cal.2d 153, 158 [323 P.2d 391].) This did not relieve the court of the responsibility to properly instruct the jury on the controlling legal principles applicable to the case. (*Herbert* v. *Lankershim*, 9 Cal.2d 409, 482 [71 P.2d 220] ; *Thomas* v. *Buttress & McClellan, Inc.*, 141 Cal.App.2d 812, 819 [297 P.2d 768] ; see also *Jaeger* v. *Chapman*, 95 Cal.App. 2d 520, 525 [213 P.2d 404].) ■■ A review of the instructions given indicates that the jury was not instructed on the issue of implied warranty although fully and properly instructed on the issue of negligence and the doctrine of res ipsa loquitur.

In fairness to the trial judge it should be noted that this case was tried prior to the decision of the Supreme Court in the case of *Peterson* v. *Lamb Rubber Co.* (June 1960) 54 Cal. 2d 339 [5 Cal.Rptr. 863, 353 P.2d 575], wherein it was determined that the doctrine of implied warranty extended to the employee of the purchaser. It was also tried prior to the recent decision of Division 3 of this court in the case of *Vallis* v. *Canada Dry Ginger Ale, Inc.* (March 31, 1961) 190 Cal. App.2d 35 [11 Cal.Rptr. 823], in which it was determined for the first time in this state that the implied warranty of fitness applied to the container as well as the contents of a bottle of carbonated beverage, and that it extended to the employee of the purchaser who was injured while handling the same.

In the light of these decisions it is apparent that the trier of fact should have been instructed on implied warranty.

■■ Plaintiff's second contention is that the trial court erred in failing to reread plaintiff's instructions No. 5 and No. 6 along with the BAJI instructions 206, 206-A and 206-B (which it did reread) when asked by the jury to reread all of the instructions on res ipsa loquitur. No request was made in behalf of plaintiff when the judge reread the instructions for the first or second time.

■■ ". . . it is not necessary for the court to give instructions in the particular language requested. If the subject

matter is properly covered and the law applicable to the case is fairly and fully given, that is sufficient." (*Dodge* v. *San Diego Elec. Ry. Co.*, 92 Cal.App.2d 759, 763-764 [208 P.2d 37].)

Plaintiff's third contention on appeal is that the evidence established that plaintiff's injuries were attributable to the breach of an "implied warranty of fitness." Plaintiff bases this contention on the fact that the evidence is uncontroverted that plaintiff exercised due care in unloading the bottles from their carton into the cooler. The jury was not required, however, to believe plaintiff's testimony. It could take other matters into consideration such as her demeanor while testifying, her motive in the outcome of the case, and conceivably could have based its verdict on the conclusion that the bottle was not defective at all, but that the accident occurred solely because of her own negligence in handling the bottle. (*Langley* v. *Pacific Gas & Elec. Co.*, 41 Cal.2d 655, 663 [262 P.2d 846]; *Munroe* v. *Silvers*, 183 Cal.App.2d 800, 802 [7 Cal.Rptr. 270].) The evidence can not be held to have "conclusively" established otherwise. The issue of negligence was ably tried with fairness to all sides and does not require retrial. The jury not having been instructed on the issue of implied warranty, an essential issue in the case, the cause is remanded to the trial court.

Judgment in favor of defendants is reversed, with instructions that the case be retried on the sole issues of implied warranty and damages. (Civ. Code, § 1735; *Vallis* v. *Canada Dry Ginger Ale, Inc.*, 190 Cal.App.2d 35 [11 Cal.Rptr. 823].)

Jefferson, J., and Balthis, J., concurred.