[Civ. No. 22175. First Dist., Div. One. Sept. 23, 1965.]

JOHN P. TROXELL, Plaintiff and Respondent, v. CARMEN TROXELL, Defendant and Appellant.

Thorne, Stanton, Clopton, Herz & Stanek, John E. Thorne, Herbert S. Stanek and Elliot G. Steinberg for Defendant and Appellant.

T. C. Carlstrom, Paul N. McCloskey, Jr., and McCloskey, Wilson & Mosher for Plaintiff and Respondent.

MOLINARI, J.— On this appeal by defendant and cross-complainant from the trial court's order denying her motion to set aside the interlocutory judgment of divorce which had been entered in her favor[1] the sole issue presented to this court is whether or not the trial court abused its discretion in refusing to set aside this judgment.[2] We have concluded that there was no abuse of discretion.

[1]Such an order is appealable as a special order after final judgment under Code Civ. Proc. § 963, subd. 2, where, as here, the motion is based on extrinsic facts which would not appear in the record of the original proceeding which is sought to be vacated. (See *Cope* v. *Cope*, 230 Cal. App.2d 218, 228-229 [40 Cal.Rptr. 917], and cases cited therein.)

[2]Defendant filed two notices of appeal. The first, filed on March 30, 1964, was from "judgment, denial of motion to vacate, denial of motion to set aside, and denial for a new trial entered herein on February 27, 1964." The second was filed on April 6, 1964 and purported to be from "the judgment, from the denial of . . . the Motion to Vacate and Set Aside the Judgment" made on February 27, 1964, and "from the Interlocutory Judgment of Divorce heretofore entered." However, defendant's opening brief specifies that the appeal is "from an Order denying appellant's motion to vacate an Interlocutory Judgment of Divorce." Accordingly, since no mention is made on appeal regarding either the other orders not encompassed within the scope of the order in issue or the judgments purportedly appealed from, it will be deemed that such purported appeals have been abandoned and said appeals will be dismissed. (*Truck Ins. Exchange* v. *Stilley*, 213 Cal.App.2d 311, 314 [28 Cal.Rptr. 588]; *Hanson* v. *Hanson*, 178 Cal.App.2d 756, 757 [3 Cal.Rptr. 179]; *Clay* v. *Lagiss*, 143 Cal.App.2d 441, 452 [299 P.2d 1025].)

This action was initiated by the filing of a complaint for divorce by plaintiff husband on January 10, 1963. Defendant wife answered and cross-complained for separate maintenance on February 6, 1963. The matter came on for trial on July 30, 1963, at which time the court heard plaintiff's testimony (both in the form of direct and cross-examination) as to the nature and extent of his assets and income. Following this initial hearing, in October 1963 defendant made a substitution of attorneys, and through her substituted counsel amended her cross-complaint for separate maintenance to one for divorce.

A second hearing was held on November 1, 1963, at which time plaintiff was again examined by both counsel as to the nature and extent of his income and assets. After the noon recess on the second day of trial, counsel for the respective parties announced to the court that an agreement had been reached with respect to the disposition of the property of the parties, and thereupon, upon stipulation, counsel for plaintiff read into the record the matters agreed upon. Defendant, having indicated to the court that she desired to make a statement, was sworn and called as a witness. In response to a question by her attorney as to whether she wished to make a statement "regarding this agreement," defendant responded that she wanted to know how much she would have to pay her attorney. When apprised by the court that this was a matter between her and her attorney, defendant stated that the accusations made by her husband against her in his previous testimony were untrue and that she denied them. During this colloquy defendant also stated "What I want to say, I don't have money." The trial court thereupon stated that it felt the settlement worked out by defendant's attorney was a "fair and liberal settlement" and that the court would have no hesitancy in approving it. Defendant then proceeded to testify concerning the alleged specifications of cruelty on the part of plaintiff, corroborating evidence was presented, plaintiff withdrew his complaint, and the cause was submitted for decision.

On November 18, 1963 the trial court made and signed its interlocutory judgment of divorce, which was "approved as to form" by counsel for both parties, adjudging that defendant was entitled to a divorce from plaintiff on the ground of extreme cruelty and approving the property settlement agreement entered into between the parties. Subsequently, on January 30, 1964, defendant filed a motion for an order to

set aside the interlocutory judgment of divorce. The motion did not state the basis upon which it was made, nor was it supported by any affidavit. When the motion came on for hearing, defendant was called as a witness in support of the motion, the gist of her testimony adduced through the aid of a Spanish interpreter being that she had not understood what had taken place at the trial in relation to the property settlement agreement. Plaintiff was also called as a witness and he testified as to defendant's familiarity with financial affairs and her ability to understand the English language. The court after hearing the testimony made its order denying the motion to set aside and the motion for equitable relief.[3]

Defendant asserts on appeal that she was entitled to relief under Code of Civil Procedure section 473[4] upon a showing of surprise and excusable neglect consisting of her misunderstanding as to the nature of the interlocutory judgment, the divorce proceedings, and the settlement agreement because of her insufficient comprehension of the English language. It should be noted here that although this ground was not specifically urged in the motion below, section 473 was included among the points and authorities cited in conjunction with the motion. Accordingly, since this is the sole ground urged on appeal as the basis for the motion we shall, under the circumstances, consider that the motion before the trial judge was likewise asserted on this ground.

Before dealing with the propriety of the trial court's order denying defendant's motion to set aside the interlocutory judgment of divorce which was entered in her favor, we wish to consider whether, in light of the procedural setting of this action, defendant was, under any circumstances, entitled to relief under section 473, the relevant portion of which provides as follows: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding

[3]Defendant had previously also moved "For Equitable Relief." This motion was apparently heard in conjunction with the motion to set aside the interlocutory judgment of divorce since the trial court disposed of both motions at the same hearing.

[4]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

six months, after such judgment, order or proceeding was taken; . . . ''

Initially, we note that although the section appears to be applicable to a party ''against'' whom a judgment is taken, it has been held in California that a party who prevails and obtains a judgment in his favor may move to set aside the judgment upon a sufficient showing of mistake, surprise or excusable neglect. (*Brackett* v. *Banegas,* 99 Cal. 623, 625 [34 P. 344]; *Olson* v. *Olson,* 148 Cal.App.2d 479, 482-484 [306 P.2d 1036]; *Robinson* v. *Robinson,* 208 Cal.App.2d 213, 221 [25 Cal.Rptr. 143].) Plaintiff concedes this point, but contends that since the judgment below was rendered following an adversary proceeding at which both defendant and her attorney were present, defendant's application to set aside the judgment should have been by motion for a new trial under section 657 rather than by motion under section 473. In other words, it is plaintiff's contention that relief by way of section 473 is limited to proceedings of a default nature.

■ While it is apparent from the second sentence of the above-quoted paragraph of section 473 that this section provides a means of relief from default judgments entered at the pleading stage, and while in fact relief under this section has most frequently involved just this type of default action, the applicability of this section cannot properly be limited to such actions. The first sentence of the above-quoted paragraph of section 473 is not only broad enough to encompass actions which proceed to trial and to judgment in an adversary manner, but in *Brackett* it was so held. There relief was granted to a plaintiff under section 473 after judgment had been entered in his favor against two defendants, one by way of default and the other after a full trial. ■ Moreover, it is recognized in this state that the appropriate means by which to obtain relief from a stipulation entered into through inadvertence, neglect or mistake is by a timely motion in the court in which the stipulation was made (*Warburton* v. *Kieferle,* 135 Cal.App.2d 278, 286 [287 P.2d 1]; 46 Cal. Jur.2d, Stipulations, § 18, pp. 43, 46), and that such a motion may be made after the entry of judgment. (See *Redsted* v. *Weiss,* 71 Cal.App.2d 660, 662 [163 P.2d 105].) ■ It is apparent that a stipulation entered into between parties to a litigation results in a nonadversary proceeding as to the particular matters covered by the stipulation. ■ It is equally apparent that although a stipulation is entered into, the other issues in a trial may, as was the case here, be ad-

versary. Accordingly, where a party seeks to be relieved from a stipulation entered into through inadvertence, neglect, or mistake, or as the result of fraud, he is in effect seeking a trial on the merits as to the issue or issues covered by the stipulation. In the light of these principles we are satisfied that section 473 is applicable where a party seeks to vacate and set aside a stipulation, and that therefore, defendant proceeded properly in the instant case in attempting to obtain relief from the property settlement stipulation which she entered into.

 Turning to the merits of the instant appeal, no citation of authority is necessary for the well-settled principle that the setting aside of a particular judgment under section 473 rests largely in the discretion of the trial court and its decision will not be disturbed on appeal unless an abuse of discretion clearly appears. While the concept ''abuse of discretion'' is not easily susceptible to precise definition, the appropriate test has been enunciated in terms of whether or not the trial court exceeded '' 'the bounds of reason, all of the circumstances before it being considered. . . .' '' (*Slack* v. *Murray,* 175 Cal.App.2d 558, 563 [346 P.2d 826]; *Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672 [169 P.2d 453].) Moreover, where the proof adduced in support of the motion (either by affidavit or by oral testimony) is controverted by the opposing party, it is within the exclusive realm of the trial court to determine the credibility of the affiants or witnesses and the weight of their testimony, and this determination is rarely disturbed on appeal. (*Estate of McCarthy,* 23 Cal.App.2d 398, 401 [73 P.2d 910]; *Bishop* v. *Babcock,* 99 Cal.App.2d 232, 235-236 [221 P.2d 733]; *Couser* v. *Couser,* 125 Cal.App.2d 475, 477 [270 P.2d 496].)

 In the case at bench, defendant based her motion to set aside the judgment of the trial court on her alleged inability to understand English and on her consequent inability to comprehend the meaning of the events at the trial in relation to the property settlement stipulation. Assuming *arguendo* that these facts, if sufficiently proven to be true, would entitle defendant to the relief which she sought, it is apparent that the trial court, in deciding whether to grant defendant's motion, was confronted with a factual issue, namely, whether defendant lacked sufficient comprehension of the English language so as to preclude her from understanding the nature and effect of the property settlement stipulation and of the events at the trial concerning this stipulation. In determining this factual issue the trial court could con-

sider, on the one hand, defendant's testimony at the hearing on the motion to the effect that she had not understood the earlier proceeding, the meaning and effect of the property settlement agreement, or the fact that the case had been concluded. On the other hand, it could consider plaintiff's testimony that defendant had no difficulty speaking or comprehending English; that during the parties' five-year marriage, English was the only language spoken in their home; that defendant was "Very thoroughly" familiar with property matters; and that plaintiff and defendant had frequently discussed plaintiff's income and financial affairs and defendant understood and knew plaintiff's income and financial situation. In addition, the trial court would have been entitled to conclude that defendant did understand the meaning of an "agreement" from the fact that she had entered into both an agreement for the retention of a private investigator and an agreement with her attorney granting him a lien against the judgment. Finally, and of great importance in determining defendant's comprehension of English, the trial court had the benefit of seeing defendant and hearing her testify both at the trial and at the hearing on the motion. (*Munroe* v. *Silvers,* 183 Cal.App.2d 800, 802 [7 Cal.Rptr. 270].) As to this factor, it is significant to note that at the hearing on the motion the trial court candidly observed that defendant's apparent ability with the English language was not as good at that time as it had been on previous occasions, and that defendant was not only intelligent, but "rather shrewd. . . ." Thus, the trial court had sufficient evidence, not only from the testimony of plaintiff, but also from its own opportunity to see and hear defendant, to conclude that defendant had in fact understood and comprehended the proceedings in relation to the property settlement stipulation. We conclude, therefore, that the trial court acted within its discretion in denying defendant's motion to set aside the interlocutory judgment of divorce.

The order denying the motion to set aside the interlocutory judgment of divorce and the motion for equitable relief is affirmed. The purported appeals from the other orders and judgments designated in the notices of appeal are dismissed.

Sullivan, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 16, 1965.