Filed 7/25/25  Wood v. Randall CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| GERALDINE WOOD, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> KENDRA RANDALL, <br><br> Defendant and Respondent. | B333258 <br><br> (Los Angeles County <br> Super. Ct. No. 19STCV15908) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Wendy Chang, Judge.  Affirmed.

Geraldine Wood, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## INTRODUCTION

Plaintiff sued defendant for breach of contract, seeking to recover fees she was allegedly owed under an oral agreement to act as a project manager for residential remodeling work. Plaintiff's claim for breach of contract was tried to the court. When defendant failed to appear for trial, plaintiff offered uncontroverted testimony and introduced documents into evidence. After taking the matter under submission, the trial court issued a ruling in defendant's favor, stating it did not find plaintiff's testimony to be credible and concluding plaintiff failed to carry her burden to establish she ever had a contract with defendant. Alternatively, the court determined plaintiff's claim was barred by the doctrines of res judicata and issue preclusion. Plaintiff appeals, arguing the trial court's ruling was not supported by substantial evidence and claiming the trial court erred in denying one of her motions to amend her complaint. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and appellant Geraldine Wood (Wood) claims she was hired by Hank Harris (Harris) in 2013 to provide consulting and project management services for residential remodeling work being done at 4632 Saint Charles Place, Los Angeles, California (the Property). Wood's contract with Harris was an oral one and was never reduced to writing.

At the time Harris purportedly hired Wood, the Property was owned by Harris and his niece, defendant and respondent Kendra Randall (Randall), with each holding an undivided one-half interest in the Property. In April 2016, Harris signed a grant deed transferring his one-half interest in the Property to Randall.

2

Wood asserts that Harris made two partial payments to her totaling $800 in March 2016, but otherwise failed to pay Wood what she was owed. According to Wood, Randall and Harris then collectively "agreed to collateralize the unpaid amount [due under Wood's oral contract with Harris] with the Subject Property." In August 2016, Wood recorded a mechanic's lien against the property for $50,000. Wood's lien indicated that she was hired by Harris to perform consulting services and identified Harris as the property's owner. Wood's lien was only served on Harris.

In June 2017, Wood filed suit against Harris in Los Angeles Superior Court seeking to collect on unpaid fees he owed pursuant to their alleged 2013 oral agreement. Wood's action against Harris was designated case No. BC666136. Wood's complaint against Harris alleged that Harris promised her that she would be paid in full for her work at the Property when he sold it.

It appears Randall failed to make the required mortgage payments on the Property, and on December 19, 2017, the Property was sold at a foreclosure sale.

On May 7, 2019, Wood filed the instant action against Randall, alleging a single cause of action for breach of contract against her. Shortly after Wood filed her complaint in this action, her claims against Harris in the BC666136 matter proceeded to a bench trial. On May 13, 2019, the trial court issued an order finding in Harris's favor at trial.

I.     *Complaint*

The operative complaint in this action was the amended complaint filed on September 8, 2020. The amended complaint alleged a single cause of action for breach of contract against Randall.

3

II.      *Wood's Attempts to Further Amend her Complaint*

On October 26, 2020, Wood filed a motion for leave to file a second amended complaint. Wood's motion consisted of a handwritten declaration stating "I was hired by Henry Harris, who is the uncle of Kendra Randall, and half owner of the property. He did explain to Ms. Randall that I was being hired to take care of all the business pertaining to the property. She agreed to this." She claimed she was never paid for this work and had been told she would receive payment after the property was sold. Attached to the declaration was one page of a form complaint alleging a single cause of action for breach of contract against Randall. On December 10, 2020, the trial court issued a minute order taking Wood's motion off calendar because Wood did not file a proof of service with her motion showing that Randall was given notice of the motion.

On January 6, 2021, Wood filed another motion seeking leave to file a second amended complaint. This motion did not include a memorandum of points and authorities or a copy of a proposed second amended complaint. Wood's motion attached a proof of service dated December 30, 2020, as well as copies of email correspondence between Wood and counsel for Randall wherein the parties agreed to accept service by email.

On February 9, 2021, the court took Wood's second motion off calendar. The court noted Wood's proof of service was ambiguous as "It is unclear whether this proof of service references the motion filed with the court on October 26, 2020, or the document filed on January 6, 2021." The court instructed Wood that if she intended to move for leave to amend a third time, she must "ensure that proper notice has been provided and the motion and memorandum has been included."

4

Wood's next attempt to amend her complaint came more than a year later when she filed a third motion for leave to file a second amended complaint on April 4, 2022. This time, Wood's proposed second amended complaint completely changed the theory and facts pled against Randall. Wood's proposed second amended complaint eliminated the cause of action for breach of contract and replaced it with six causes of action for unjust enrichment, conversion, open book account for reasonable value, open book account for agreed value, account stated, and intentional infliction of emotional distress.

The proposed complaint did not allege that Wood ever had a contract with Randall. Instead, the proposed complaint alleged for the first time that: (1) Harris and Randall were business partners engaged in a joint venture, (2) Randall was Harris' agent, aider and abettor, co-conspirator, (3) Wood was hired by the Harris/Randall partnership, (4) Wood performed work for the benefit of the property under an oral agreement which Randall expressly ratified, and (5) Randall intentionally defaulted on the mortgage for the Property to avoid paying Wood the fees owed to her.

In support of her motion, Wood filed a declaration stating that she was seeking leave to amend because "In mid-March 2022, I determined that the Amended Complaint was not as robust as it could have been." Wood's declaration did not identify when she became aware of the newly asserted facts in her proposed second amended complaint or why she did not seek leave to amend earlier.

Wood's third motion for leave to file a second amended complaint was heard on May 26, 2022. If that hearing was reported, there is no transcript from it in the record on appeal, nor is there a settled statement relating what transpired at the hearing. Following the hearing, the court issued a minute

order noting that it gave the parties an oral tentative ruling, heard argument, and ultimately denied the motion. The court's rationale for denying Wood's motion is not set forth in the minute order.

III. *Request for Entry of Default*

On March 29, 2021, Wood filed a request for entry of default against Randall. The next day, Randall filed a notice of appearance stating the parties were "engaged in meet and confer discussions, as required by code, prior to the filing of a Demurrer" and that she would "file a Responsive Pleading after meeting and conferring." The clerk of the court rejected Wood's request for entry of default, noting that Wood's filing did not correctly identify the filing date of her operative amended complaint on the Judicial Council form used to request entry of default.

Randall eventually filed a demurrer on November 2, 2021. On March 1, 2022, the trial court overruled Randall's demurrer as untimely and ordered Randall to file a responsive pleading within 20 days. Randall never filed a responsive pleading, and Wood never renewed her request for entry of default against Randall.

IV. *Trial*

Neither Randall nor her counsel appeared at the final status conference on May 3, 2023. When the case was called for a court trial on May 10, 2023, Randall and her counsel again did not appear. In their absence, the court proceeded with the trial. At trial, Wood testified and introduced five exhibits into evidence. None of these documents purported to be a contract between Wood and Randall. No other witnesses testified. Upon conclusion of the trial, the court took the matter under submission.

6

The next day, Randall filed a motion for nonsuit and judgment on the pleadings. Randall argued that Wood's claims were barred by the statute of limitations and the doctrines of res judicata and issue preclusion. Randall argued that Wood's claims in this action were identical to those raised by Wood in her BC666136 action against Harris. Randall attached a minute order from the BC666136 action indicating Wood's claims against Harris had been tried to the court, which found against Wood on the merits of her claims. Wood did not file any response or opposition to Randall's motion for nonsuit.

On June 5, 2023, the trial court issued its ruling on the trial, finding against Wood on her claim for breach of contract against Randall. The court's ruling identified two separate and independent bases for finding against Wood. First, the court noted that it "did not find Ms. Wood to be a credible witness. Her testimony was vague and impeached itself." The court concluded that Wood's testimony and exhibits "failed to prove she ever had a contract with [Randall]" and that "Without a contract, Ms. Wood cannot prevail on a breach of contract claim." Second, the court determined that Wood had "already litigated the issue of her right to recover for services she alleges she provided at this property" in the BC666136 matter. The court noted Wood "was required to have litigated all of her claims as to that contract in the Wood v. Harris case—she cannot 'split' her claim and try and bring a second suit now."

V. *Post-Trial Motions*

On July 17, 2023, Wood filed an ex parte application which, among other things, asked the court to issue a statement of decision on the trial under Code of Civil Procedure section 632. The trial court denied Wood's request for a statement of decision as untimely.

On August 8, 2023, Wood filed a motion for new trial. As relevant on appeal, Wood argued that newly discovered evidence supported her claim that a contract existed between herself and Randall. This evidence was in the form of declarations from two individuals whom Wood hired to perform work on the Property. The first of these declarations was from Leonard McCormick (McCormick), who stated that he was hired by Wood to work at the Property. According to McCormick, on his first day on the job, he spoke to Harris and Randall "to ask them questions regarding the wood they wanted to use, and they directed me to [Wood], and said 'That's What We Hired Her For' [*sic*]." The second declaration was from Jovontae Turner (Turner) a contractor Wood hired to work at the Property. Turner stated, "On several occasions I spoke with [Randall], and she mentioned that she and her uncle hired [Wood], so myself and the team would be dealing with [Wood] for materials and necessities needed on the job." Wood claimed these declarations "were not available" to her "prior to moving this court for a new trial."

Randall opposed Wood's motion, arguing that the new declarations from McCormick and Turner were inadmissible hearsay. The trial court denied Wood's motion, agreeing with Randall that the declarations were inadmissible hearsay. The court also determined that Wood "had an opportunity to oppose [Randall's] motion for non-suit and judgment on the pleadings."

VI. *Appeal*

On September 14, 2023, the trial court entered judgment in favor of Randall and ordered that Wood "take nothing by virtue of her complaint." Wood timely appealed.

8

On January 19, 2024, Wood filed a notice designating record on appeal, indicating that the oral proceedings in the trial court were not reported and that she would proceed on appeal using a settled statement of those proceedings. In the space for Wood to identify the proceedings to be included in the settled statement, Wood did not identify the May 10, 2023, trial or the hearings on any of her motions. Instead, Wood identified three written filings she had made (a declaration, her third motion for leave to file a second amended complaint, and her objections to Randall's proposed judgment), as well as the trial court's written ruling following trial.

On July 17, 2024, Wood filed a proposed settled statement. This proposed statement included a one-and-a-half-page narrative of Wood's purported testimony at trial but otherwise did not set forth the content of any of the hearings before the trial court. On September 3, 2024, the trial court rejected Wood's settled statement and ordered her "to submit the trial exhibits as part of the record on this appeal." It is unclear if Wood did so.

## DISCUSSION

### I.    *Inadequate Record*

We begin by noting the inadequacy of the record on appeal, because the deficiencies of this record necessarily limit the scope of our review. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*); see also *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) California Rules of Court, rule 8.120(b) provides that "If an appellant intends to raise any issue that

9

requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of" a reporter's transcript, agreed statement, or a settled statement.

"""[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.""" (*Jameson, supra,* 5 Cal.5th at p. 609.)  "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*.  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]" (*In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*); *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187 (*Foust*).)  "The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Fain*, 75 Cal.App.4th at p. 992.)  These rules are equally binding on litigants who, like Wood, are acting in propria persona.  (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

II.     *The Trial Court Did Not Err in Finding for Randall at Trial*

Wood raises several claims of error concerning the trial court's ruling in Randall's favor after trial.  We address the merits of Wood's arguments to the extent possible, given the deficiencies in the record identified above.

1.     *Failure to Address Alternate Theories of Liability*

Wood argues the trial court failed to consider an alternate theory of liability for breach of contract that would have allowed Wood to succeed on

her breach of contract claim against Randall even in the absence of any contract between the parties.  We reject this argument.

First, the deficient record on appeal precludes any effective review of Wood's claim of error as we have no record of Wood's trial testimony and have no way to determine whether Wood did in fact raise any alternative theories of liability at trial.  (*In re Marriage of Nassimi* (2016) 3 Cal.App.5th 667, 695 [""""theories not raised in the trial court cannot be asserted for the first time on appeal""""]; *Bocanegra v. Jakubowski* (2015) 241 Cal.App.4th 848, 857 [""""a party is not permitted to change its position on appeal and raise new issues not presented in the trial court""""].)  We also note that the alternative theories Wood raises on appeal are based on factual representations that find no support in the record on appeal.  (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 ["if it is not in the record, it did not happen"].)

This deficiency of the record is compounded by the fact that Wood did not timely request a statement of decision by the trial court.  When the parties fail to timely request a statement of decision, we apply the doctrine of implied findings under which we "'must presume the trial court made all factual findings necessary to support the judgment for which there is substantial evidence.'" (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1248.)  "A party who does not request a statement of decision may not argue the trial court failed to make any finding required to support its decision." (*Ibid*.)  Accordingly, the lack of a statement of decision precludes any argument that the trial court did not properly consider all the theories of liability that Wood presented at trial.

For these reasons, we must reject Wood's argument that the trial court did not make necessary findings on alternate theories of liability.

11

## 2.    *Insufficient Evidence*

Wood argues the trial court's ruling in Randall's favor was not supported by substantial evidence. Here, too, the record is insufficient for us to meaningfully review Wood's claim. The record on appeal is devoid of any reporter's transcript or acceptable substitute, such as an agreed statement or settled statement. The absence of any transcript or settled statement from the trial precludes Wood from attacking the sufficiency of the evidence to support the court's ruling and credibility determinations at trial. (*Fain, supra*, 75 Cal.App.4th at p. 992.)

While not stated expressly, Wood appears to argue that error is nonetheless apparent on the face of the existing appellate record because Randall did not appear at trial or present any evidence supporting a finding in her favor. While Wood is correct that Randall did not provide evidence or argument at trial, this alone did not compel the trial court to find in her favor. As the plaintiff below, Wood bore the burden of proof on her cause of action against Randall for breach of contract. (Evid. Code, § 520 ["The party claiming that a person is guilty of . . . wrongdoing has the burden of proof on that issue"].) In a breach of contract action, the plaintiff has the burden of proving the following elements: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.) Regardless of whether Randall appeared for trial, Wood still bore the burden of proving these elements at trial with credible, admissible evidence. In the absence of a reporter's transcript or settled statement, she has not identified any evidence suggesting she carried this burden at trial.

12

No documents in the record on appeal support Wood's claims that (1) she expressly formed a contract with Randall, (2) Randall impliedly agreed to be bound by Wood's purported oral contract with Harris, or (3) Randall expressly agreed to use the property as collateral to secure Wood's work on the project. The only possible evidence on these points at trial appears to be Wood's trial testimony. But the trial court found that Wood was not credible and contradicted herself. The trial court was not required to credit Wood's testimony, and on appeal, we are bound by the credibility determinations made by the trial court. (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 12; *Eidsmore v. RBB, Inc.* (1994) 25 Cal.App.4th 189, 195; *Munroe v. Silvers* (1960) 183 Cal.App.2d 800, 802.)

Wood also argued the declarations of McCormick and Turner corroborated her testimony at trial, and the court erred in disregarding them. But those declarations were not presented at trial and were never admitted into evidence. The declarations were not submitted until Wood filed her motion for a new trial two months after the trial court had already issued its ruling following the trial. Moreover, the trial court correctly determined the declarations constituted inadmissible hearsay. (Evid. Code, § 1200 ["'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated"].) On appeal, Wood simply ignores this aspect of the trial court's ruling and has offered no argument or authority suggesting the declarations were admissible.[1]

---

[1]     Furthermore, Wood did not make a showing below that the declarations of Turner and McCormick could not have been produced at trial with the exercise of reasonable diligence. (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1192 [party seeking new trial based on newly discovered evidence must show he or she exercised reasonable

13

The record before us on appeal compels us to conclude that Wood has not established any error by the trial court in concluding that Wood did not carry her burden of proof at trial. As Wood's failure to carry the burden of proof was, standing alone, a sufficient basis to find against her at trial, we need not reach the separate question of whether Wood's claim against Randall was also barred by the doctrines of res judicata or issue preclusion and decline to do so.

III. *Wood's Third Motion for Leave to File a Second Amended Complaint*

Wood argues the trial court erred in denying her third motion for leave to file a second amended complaint. Wood disingenuously claims that the allegations of her proposed second amended complaint arose "from the same set of facts already at issue." Not so. As set forth above, Wood's proposed second amended complaint did not merely seek to add new theories of liability premised on the same underlying facts; rather, the proposed second amended complaint was a wholesale rewriting of the facts on which her action against Randall was based. Rather than allege that she had a contract with Randall which Randall breached, Wood's proposed amended complaint omitted any claim of a contractual relationship with Randall and instead alleged new facts concerning a purported partnership or agency relationship between Randall and Harris, Wood's dealings and discussions with Randall and Harris, and actions taken by Randall and Harris from 2013 to 2018.

The minute order denying Wood's motion does not identify the trial court's basis for denial. Instead, it notes the court gave the parties an oral

---

diligence in discovering and producing the evidence in question].) Wood's claim that she was unable to contact Turner before trial in May 2023, is belied by the fact that she hired Turner to serve her request for entry of default on Randall in March 2021.

tentative and then heard argument from the parties before adopting its tentative ruling and denying the motion. Again, we are without a reporter's transcript or settled or agreed statement of the hearing on Wood's third motion for leave to amend. In the absence of a record from that hearing, we must presume the unreported transcript of those proceedings would demonstrate the absence of error by the trial court. (*Fain*, *supra*, 75 Cal.App.4th at p. 992; *Foust*, *supra*, 198 Cal.App.4th at pp. 186–187.)

We note the record supports the denial of Wood's motion. The trial court could have determined that Wood's motion did not satisfy the requirements of California Rules of Court, rule 3.1324(b), which requires that a party moving for leave to amend include a declaration specifying "When the facts giving rise to the amended allegations were discovered" and "The reasons why the request for amendment was not made earlier." The declaration Wood submitted with her motion did not include this required information. Alternatively, the trial court could have determined that Randall was prejudiced by Wood's significant and unexplained delay in seeking the proposed amendment. The factual allegations underpinning Wood's proposed second amended complaint all stem from her dealings with Harris and Randall between 2013 and 2018, yet Wood's motion did not explain why these facts could not have been pled when she originally filed suit against Randall in 2019, or when she previously sought leave to amend in 2020 and 2021. Similarly, Woods provided no explanation as to why she waited three years after filing her initial complaint to seek leave to raise these new factual allegations and theories of liability against Randall.

"'A trial court has wide discretion to allow the amendment of pleadings, and generally courts will liberally allow amendments at any stage of the proceeding.'" (*Ventura Coastal, LLC v. Occupational Safety & Health Appeals*

15

*Bd.* (2020) 58 Cal.App.5th 1, 32; see Code Civ. Proc., § 473, subd. (a)(1).) "But this policy applies "'only '[w]here no prejudice is shown to the adverse party.'"'" (*Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 175.) Additionally, "'a long deferred presentation of the proposed amendment without a showing of excuse for the delay'" may provide "'a valid reason for denial.'" (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613.) We ultimately need not speculate on the trial court's basis for denying Wood's motion. On this record, it is enough for us to determine the trial court had at least one valid basis for doing so. As we must presume the trial court made all factual findings necessary to deny Wood's motion, Wood has failed to establish any abuse of discretion by the trial court in denying her third motion for leave to file a second amended complaint. (*Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1163 [a trial court's ruling on a motion for leave to amend a complaint is reviewed for an abuse of discretion].)

Wood also argues it was reversible error for the trial court to deny her motion "without any substantive explanation." This argument is premised solely on a misrepresentation of the holding of *California Cas. Gen. Ins. Co. v. Superior Ct.* (1985) 173 Cal.App.3d 274. In that case, the defendant moved for leave to amend its answer to add an affirmative defense. The trial court denied the motion, and the appellate court reversed. While the appellate court noted the trial court had "issued a minute order denying the motion to amend, without stating any particular ground for or otherwise explaining its ruling" (*id.* at p. 278), this was not the basis for reversing the trial court's denial of the motion to amend. Rather, the appellate court determined the trial court had abused its discretion in denying the motion on the basis that the affirmative defense the defendant wished to plead was not viable. (*Id.* at

16

pp. 280–283.) The appellate court disagreed with the trial court's conclusion that the proposed defense was not legally sufficient and held that in the absence of prejudice to plaintiffs, the trial court erred in denying defendant's request to assert the additional affirmative defense. (*Id*. at pp. 282–284.) In short, *California Cas. Gen. Ins. Co. v. Superior Ct*. does not stand for the proposition cited by Wood.

For these reasons, we can discern no error in the trial court's denial of Wood's third motion for leave to file a second amended complaint.

IV.    *Request for Entry of Default*

Wood argues the trial court erred in rejecting her request for entry of default against Randall. As set forth above, Wood's request was denied due to a factual error she made in filling out the Judicial Council form used to request entry of default. Wood ignores this fact on appeal and offers no argument or authority that the trial court erred in rejecting her request for this reason. Instead, Wood argues the trial court was required to enter default against Randall because Randall never filed a responsive pleading before trial. We disagree.

The entry of default against a defendant is governed by Code of Civil Procedure section 585. Section 585, subdivision (a), makes it clear that the clerk is under no obligation to enter default against a defendant in the absence of a written application for entry of default from a plaintiff. (Code Civ. Proc., § 585, subd. (a) [if no answer or other responsive pleading "has been filed with the clerk . . . within the time specified in the summons, or within further time as may be allowed, the clerk, *upon written application of the plaintiff* . . . shall enter the default of the defendant"], italics added.) Wood provides no authority suggesting the trial court was under an

17

obligation to sua sponte enter default against Randall based on Randall's failure to file a responsive pleading. When Randall failed to file a responsive pleading following the trial court's order overruling her demurrer, Wood was free to file a renewed request for entry of default against her. Wood chose not to pursue that course of action, and the trial court was under no obligation to enter default against Randall in the absence of a written request from Wood.

Wood has therefore not established any error by the trial court in connection with her request for entry of default against Randall.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


COLLINS, J.


MORI, J.


18