[Civ. No. 62917. Second Dist., Div. Three. July 9, 1982.]

FERNANDO ALVARADO et al., Plaintiffs and Appellants, v.
CITY OF PORT HUENEME et al., Defendants and Respondents.

COUNSEL

Irachmil B. Taus II and Nathan Misraje for Plaintiffs and Appellants.

Archbald & Spray, William J. Stewart, Heather Scott Cissna, Kosmo & Cho, Frederick W. Kosmo, Clifton L. Wiseman, Charles P. Wessler and Albert J. Holzhauer for Defendants and Respondents.

OPINION

POTTER, Acting P. J.—Plaintiffs Fernando Alvarado and Huberto Franco appeal from the order of the superior court denying their "Re-

quest for Relief from Judgment Pursuant to Code of Civil Procedure Section 473 and Request that a Trial de Novo be Ordered" after a judgment had been entered upon an arbitrator's award pursuant to Code of Civil Procedure section 1141.23.[1] At the conclusion of plaintiffs' case on January 22, 1981, the arbitrator granted a nonsuit. The following day he signed an award in favor of defendants and served it upon the parties by mail. The award was received by the court clerk and stamped "Filed" on January 26, 1981. It was entered on the appropriate page of the register of actions on that same day. A record of its filing was also entered on an arbitration index card maintained by calendar control for arbitration administration purposes. The award was not inserted in the file folder for the case but remained on the processing desk for the 20-day period during which a request for a de novo trial is permitted under section 1141.20. After the expiration of that period, on February 17, 1981, the judgment was entered upon the award in defendants' favor.

On February 25, 1981, plaintiffs filed a request for a de novo trial, which was received by the clerk but marked "untimely." Plaintiffs' request for relief under section 473 was filed March 13, 1981. It was supported by declarations of (1) plaintiffs' counsel, (2) a law clerk in his office, and (3) the supervising deputy of the Ventura County Clerk's Office. Counsel's declaration stated that his office never received notice of the award until February 20, 1981; that he sent his law clerk to the county clerk's office on February 10 to ascertain whether or not the award had been filed but "did not specifically instruct him where to check since he many times [had] checked court records for [him]"; that the clerk returned and advised him "that there was no record of the decision having been filed"; and that counsel relied upon the clerk's statement.

Counsel's declaration also recited that on some undetermined date his secretary informed him that on February 11, 1981, (1) she called the arbitrator's office and spoke to his secretary, (2) inquired as to the disposition of the arbitration, (3) indicated that counsel's office had received no notice of the award, (4) was advised by the arbitrator's secretary that a copy of the award had been mailed to counsel's office, but (5) was not informed that the award had been filed with the court. Counsel's declaration further stated that he "relied on the fact that no

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

award had been 'filed,' as [he] interpreted the term 'filed,' on or about February 10, 1981" and was surprised when he was informed that the clerk took the position "that the Award had been 'filed,' as the County Clerk interpreted the meaning of 'filed,' on January 26, 1981."

The law clerk's declaration described his inquiry at the clerk's office on February 10. He was dispatched by plaintiffs' counsel who "did not specify where [he] should look for such a filing." He reasoned that because the award would not be a final judgment until 20 days had elapsed, there was "no reason to believe that it would be any other place other than the file." He obtained the file folder from the clerk and searched through it, finding no award or notice that an award had been submitted therein. While the file folder was open, he showed it to a deputy clerk and inquired "whether the clerk could see an Arbitration Award"; he was advised in the negative, and "[t]he clerk made no indication that the notice of the award could be 'filed' or in any manner recorded in any place other than in the court file."

The declaration of the county clerk's supervising deputy described the procedure by which awards are processed when filed: after checking for proof of service, "[a]n entry is made on the Register of Actions's page for that case." The award is then held on the civil processing desk for 20 days and is not placed in the court file folder which she described as "the official file containing all documents of record filed with the Superior Court" until the end of that period. The clerk's policy in this respect is unwritten and no notice thereof is published.

In opposition, defendants filed a further declaration of the clerk's supervising deputy to correct any misinterpretation which might arise from her prior reference to the file folder as being "the official file." She stated in this respect: "[A] document or paper is deemed 'filed' with the clerk of this Court when it is received by or presented to the clerk for filing. A completed filing is not dependent on physically placing said document or paper in the respective court file folder." Further, "the Register of Actions, and not the court file folder, is the official record of what has been filed with the Ventura Superior Court," and "[t]he Register of Actions is available and open to public review and inspection during regular business hours."

Defendants also filed the declaration of the civil processing clerk responsible for manning the civil filing counter. He detailed the manner in which arbitration awards are processed, stating in this respect:

"When received, following a check for proof of service to all parties, the arbitrator's award is stamped 'filed' ... and immediately thereafter, entered in the Register of Actions on the appropriate page designated for the particular case in which the arbitrator's award was made." Thereupon, the 20-day waiting period is calendared "and the award is then placed in the calendar control pick-up bin," so that a notation of its receipt can be made on the arbitration index card maintained by calendar control for arbitration administration purposes. When this is completed, the award "is then returned to the civil processing desk where it remains for the balance of the 20-day waiting period pending the potential receipt of a request for trial de novo."

Defendants objected to the inadmissible hearsay in counsel's affidavit which stated that his secretary informed him of her conversation with the arbitrator's secretary. Defendants also called attention to the defect in the law clerk's declaration that the verification followed the text of the declaration and, instead of declaring that the "foregoing" was true, stated "the following is true and correct to the best of [his] ability," so that, technically, all that is verified is the fact that the document was executed on the 13th day of March 1981 at Oxnard, California.

In their memo in opposition, defendants took alternative positions that: (1) the court was without authority to grant relief pursuant to section 473, and (2) in any event, plaintiffs failed to make the showing required to support relief pursuant to section 473. In denying the motion, the court expressly upheld both of defendants' positions, stating that it was denying the motion "on the grounds that the Court is without authority to grant relief pursuant to *CCP* § 473 (Cal. Rule of Court 1615(c)(d)) and that, in any event, Plaintiffs have failed to make the showing required to support relief pursuant to *CCP* § 473, ..."

## Contentions

Plaintiffs contend that the trial court erred: (1) in concluding that it was without authority to grant relief pursuant to section 473,[2] and (2) in finding that plaintiffs failed to show excusable neglect.

---

[2]Plaintiffs also argue that if section 473 is inapplicable, their showing required the court to exercise its inherent power in equity to relieve a party from a judgment taken as a result of extrinsic fraud or mistake. Though this contention was not raised in the trial court, it may be considered in this appeal insofar as it is based upon undisputed facts in the record of the trial court proceedings. (*UFITEC, S.A.* v. *Carter* (1977) 20 Cal.3d 238, 249, fn. 2 [142 Cal.Rptr. 279, 571 P.2d 990].) It is, however, unnecessary

*Discussion*

*Summary*

■ Section 473 is applicable to a party against whom a judgment is entered upon an arbitration award pursuant to section 1141.23. The trial court, however, did not abuse its discretion in finding that plaintiffs failed to show facts justifying such relief.

*Section 473 Is Applicable*

At the time the trial court ruled, the third paragraph of section 473 provided in pertinent part: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

Were it not for the special provisions of section 1141.23 and Judicial Council rules issued pursuant thereto, section 473 clearly would apply to a judgment upon a judicial arbitration award. The provisions which raise the question in this respect are the following: "The arbitration award shall be in writing, signed by the arbitrator and filed in the court in which the action is pending. If there is no request for a de novo trial and the award is not vacated, the award shall be entered in the judgment book in the amount of the award. Such award shall have the same force and effect as a judgment in any civil action or proceeding, except that it is not subject to appeal and it may not be attacked or set aside except as provided by Section 1286.2 or Judicial Council rule." (Code Civ. Proc., § 1141.23.)

"Subject to Section 1286.4, the court shall vacate the award if the court determines that:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was corruption in any of the arbitrators;

---

to separately discuss this basis for relief inasmuch as the court's finding that the neglect of plaintiff's counsel was inexcusable would foreclose granting equitable relief to the same extent it would preclude relief under section 473. (*Hallett* v. *Slaughter* (1943) 22 Cal.2d 552, 556 [140 P.2d 3].) Having concluded that relief under section 473 is available, the review of the sufficiency of the evidence to support the trial court's finding in that context will suffice.

"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title." (Code Civ. Proc., § 1286.2.)

"(d) A party against whom a judgment is entered pursuant to an arbitration award may, within six months after its entry, *move to vacate the judgment* on the ground that the arbitrator was subject to a disqualification not disclosed before the hearing and of which the arbitrator was then aware, or upon one of the grounds set forth in subdivisions (a), (b), and (c) of Section 1286.2 of the Code of Civil Procedure, *and upon no other grounds*. The motion shall be heard upon notice to the adverse parties and to the arbitrator, and may be granted only upon clear and convincing evidence that the grounds alleged are true, and that the motion was made as soon as practicable after the moving party learned of the existence of those grounds." (Cal. Rules of Court, rule 1615(d).) (Italics added.)

Plaintiffs rely upon *Usher* v. *Soltz* (1981) 123 Cal.App.3d 692 [176 Cal.Rptr. 746], which construes the above provisions. A judicial arbitration award of $12,000 was entered as a judgment when no request for a de novo trial had been filed within 20 days from the date of filing of the award. According to the opinion, "a motion under section 473 to set aside the judgment on the ground that the failure to file the request for trial was the result of mistake, inadvertence and excusable neglect" was filed by defendant and "[t]he trial court granted defendant's motion and vacated the judgment in favor of plaintiff." (123 Cal.App.3d at p. 695.) Reversing this order, the court states: "Plaintiff correctly contends that a judgment based on a judicial arbitration award may not be vacated on the grounds stated in section 473." (*Ibid.*) After quoting the language of sections 1141.23 and 1286.2 and rule 1615(d) of the California Rules of Court, the court concludes: (*id.*, at p. 696): "It was the expressed intent of the Legislature and Judicial Council to make judgments properly entered on mandatory judicial arbitration awards unas-

sailable by traditional means of attack on judgments. By contrast, the Legislature expressly made judgments entered on *voluntary* arbitration awards vulnerable to the usual methods of postjudgment attack: 'If an award is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action; and it may be enforced like any other judgment of the court in which it is entered.' (§ 1287.4. See *DeMello* v. *Souza* (1973) 36 Cal.App.3d 79, 84, 86 [111 Cal.Rptr. 274] [application of § 473 to judgment confirming *voluntary* arbitration awards].)

"Since section 1141.23 and rule 1615(d) do not mention section 473 or its grounds and expressly prohibit the vacation of judgments entered on mandatory judicial arbitration awards on grounds other than those mentioned, we conclude that section 473 cannot be used to justify the vacation of the present judgment. (See *Kupka* v. *Board of Administration* (1981) 122 Cal.App.3d 791 [176 Cal.Rptr. 214] [relief unavailable under § 473 from the late filing of petition for writ of mandate].)" (Italics in original.)

The foregoing analysis is based upon the characterization of a motion under the third paragraph of section 473 as a motion "to set aside the judgment" or a motion seeking "to vacate." It may be common parlance to refer to such a motion in that fashion, but the Legislature has not done so. Section 473 itself authorizes the court to "relieve a party ... from a judgment." By contrast, another paragraph of section 473, which deals with a wholly unrelated topic of void judgments, provides that they may be "set aside" on motion. In the legislative terminology, therefore, motions under the third paragraph of section 473 are not motions to "set aside" or to "vacate" a judgment but are motions to "relieve a party" therefrom. In *Union Collection Co.* v. *Oliver* (1912) 162 Cal. 755, 758 [124 Cal.Rptr. 434], our Supreme Court similarly described them, saying "Section 473 permits a party to apply to the court to be relieved from a 'proceeding taken against him.'" We must, therefore, respectfully disagree with the contrary characterization upon which the decision in *Usher* is based. Once the erroneous label is discarded, it is apparent that relief under section 473 is appropriate in respect of judicial arbitration awards entered as judgments.

Section 1141.23, with its reference to section 1286.2 and judicial council rule, only limits the bases upon which the judgment on the award may be "attacked or set aside" or "vacated." Otherwise, it "shall

have the same force and effect as a judgment in any civil action or proceeding." By expressly eliminating the right to appeal and permitting the judgment to be "attacked" solely on these limited grounds, these provisions indicate the exclusive bases upon which defects in the judgment may be reached. But the third paragraph of section 473, which governs the motion of defendants herein, does not concern itself with defects in the judgment; it deals rather with circumstances under which the court may "relieve a party" therefrom. Limitations as to the grounds upon which a judgment can be "attacked or set aside" or "vacated" for a substantive or procedural defect simply do not refer to proceedings to "relieve" a party from the effect of a judgment pursuant to section 473.

Defendants' argument by analogy from case authority holding that section 473 does not apply to relieve a party from the consequences of a failure to file a motion for new trial within the prescribed time after entry of judgment is not persuasive. Section 659 and California Rules of Court, rule 1616, both provide that the time within which to move cannot be extended, and it is true that in *Union Collection Co. v. Oliver, supra*, 162 Cal. 755, our Supreme Court held that the court was without authority to grant relief, pursuant to section 473, from the failure to file a timely motion for new trial. It does not appear, however, that at the time *Union Collection* was decided, section 659 contained any prohibition against extending the time to move for a new trial. The rationale of the decision as stated by the court was (*id.*, at p. 758): "*Section 473 permits a party to apply to the court to be relieved from a 'proceeding taken against him.'* Whatever may be said with respect to the failure to prepare or present for settlement a proposed bill of exceptions or statement, it seems quite plain that a party who has permitted the time within which he may move for a new trial to elapse *has not had any proceeding taken against him.* The motion for a new trial is under our practice in the nature of a new and independent proceeding collateral to the judgment in the action. (*Spanagel v. Dellinger*, 38 Cal. 284; *Brison v. Brison*, 90 Cal. 323, [27 Pac. 186]; *Houser etc. Co. v. Hargrove*, 129 Cal. 90, [61 Pac. 660]; *Knowles v. Thompson*, 133 Cal. 245, [65 Pac. 468].) It may be availed of by the losing party on condition that he act within the time and in the manner specified by the code. If he neglects to so act he has simply failed to take advantage of a proceeding open to him." (Italics added.)

That rationale does not apply to a party's failure to make a timely request for a de novo trial after an arbitrator's award. The result of that

failure is the entry of the award as a judgment. The entry of such judgment clearly does constitute a "judgment, order, or other proceeding taken against" a party. A motion for new trial is made after judgment and thus can be characterized as "collateral," but a request for de novo trial, or the absence thereof, is a part of the process by which judgment is reached.

We recognize that the Legislature's purposes in enacting the judicial arbitration provisions included expediting and removing complexities from the judicial process relating to small civil claims and acknowledge that the procedure for a de novo trial substantially defeats that objective in cases in which it is invoked. We further recognize, however, that the consequences of the loss of the right to request such a de novo trial are serious. A litigant, who has not consented to arbitration, thereby loses the right to have his claim determined by a jury or judicial officer and loses the right to appeal. The litigant who fails to perfect a motion for a new trial is, by comparison, far less deprived. He has had a jury trial or a trial before a judicial officer and may appeal and thereby correct any errors in the proceedings. With these considerations in mind, we are reluctant to conclude that the Legislature intended, by section 1141.23, to remove the protection of section 473 from litigants subjected to adverse judgments upon such arbitration awards.

We consider, therefore, the sufficiency of the alternative basis upon which the court denied relief.

*No Abuse of Court's Discretion*

The trial court found that "[p]laintiffs have failed to make the showing required to support relief pursuant to *CCP* § 473." ▆ In *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598 [153 Cal.Rptr. 423, 591 P.2d 911], our Supreme Court affirmed a trial court denial of relief from a judgment under section 473 and said: "In reviewing the evidence in support of a section 473 motion, we extend all legitimate and reasonable inferences to uphold the judgment. The disposition of such a motion rests largely in the discretion of the trial court, and its decision will not be disturbed on appeal unless there has been a clear abuse of discretion. Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered. (*In re Marriage of Carter* (1971) 19 Cal.App.3d 479, 494 [97 Cal.Rptr. 274]; *Troxell* v. *Troxell* (1965) 237

Cal.App.2d 147, 152 [46 Cal.Rptr. 723].) We have said that when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court. (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480]; *Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183].)"

 Applying this standard, we are unable to find any abuse of discretion in the trial court's order denying relief under section 473.

Plaintiffs' declarations showed that the request was not timely filed, because plaintiffs' counsel failed to ascertain that the award had been filed until more than 20 days after such filing. The affidavits filed in behalf of the defendants showed unequivocally that the award was filed with due proof of service as specified by rule 1615, on January 26, 1981. Though aware on January 22 that the arbitrator had granted a nonsuit in favor of defendants, thus eliminating any occasion to delay the award for deliberations, plaintiffs' counsel failed to take any effective steps to ascertain whether and when the award had been filed until February 20 when he received a copy of the award in a second mailing by the arbitrator.

The time for filing a request under section 1141.20 commences to run when the arbitrator files the award with the court. "Rule 1616(a) specifies that time begins to run when the arbitration award *is filed*, not when it is served." (*Amoroso* v. *Superior Court* (1979) 89 Cal.App.3d 240, 242 [152 Cal.Rptr. 398].) Further, rule 1615(b) requires that, in the absence of an application to the court to allow further time, the arbitrator shall file his award within 10 days from the conclusion of the arbitration hearing. Since no such extension was sought in this case, it was apparent that the award was required to be filed by February 1. Thus, it was incumbent upon plaintiffs' counsel to ascertain the fact of nonfiling if the request for a de novo trial was delayed on that basis.

Counsel apparently recognized the necessity to inquire and, according to his declaration, sent a law clerk to check with the county clerk. But he admittedly gave the law clerk no instructions as to where to look and the law clerk did not examine the register of actions where the filing was duly recorded. The defect in the verification of the law clerk's declaration was pointed out several days before the hearing on the motion but no steps were taken to rectify it, so the court was justified in disre-

garding the law clerk's allegations respecting his inquiry relating to the absence of the award on the file folder.

But even if that testimony were considered, it did not show that any assurance was given by the county clerk that the award was not filed. The reason that the law clerk did not ascertain the fact of filing was that, in the absence of instructions from counsel, he failed to check the obvious and official source of information with respect to filing, to wit, the register of actions. The register was maintained pursuant to Government Code section 69845 which specified that there "shall be entered" therein "a memorandum of every subsequent proceeding in the action with its date." As the declarations of the deputies showed, appropriate entries were made of the filing of the award on January 26, 1981.

Moreover, plaintiffs' argument to the trial court that counsel's "interpretation of 'filing with the Clerk of the Court', meant something other than as was interpreted by the Ventura County Clerk's office," suggests that what counsel was informed by his law clerk was simply that the award was not on the file folder. Such reported fact was, of course, irrelevant to the question whether it was filed. ■ The law has been well settled in this state since 1881 that "[a] paper in a case is said to be filed when it is delivered to the clerk and received by him, to be kept with the papers in the cause." (*Tregambo* v. *Comanche M. & M. Co.* (1881) 57 Cal. 501, 506.) The trial court was, therefore, justified in finding inexcusable the attorney's ignorance of what constituted a filing.

■ "As a general rule, neglect authorizing relief under section 473, Code of Civil Procedure, may not be predicated upon that of the party's attorney unless shown to be excusable (*Benjamin* v. *Dalmo Mfg. Co.,* supra, 31 Cal.2d 523, 532 [190 P.2d 593]) because the negligence of the attorney in the premises is imputed to his client and may not be offered by the latter as a basis for relief. (*Wyoming Pacific Oil Co.* v. *Preston,* 171 Cal.App.2d 735, 749 [341 P.2d 732].)" (*Clark* v. *City of Compton* (1971) 22 Cal.App.3d 522, 528 [99 Cal.Rptr. 613].)

■ Where, as here, the problem of law involved is a simple one and its solution is readily ascertainable, the trial court does not abuse its discretion in finding the attorney's neglect inexcusable. (*Martin* v. *Johnson* (1979) 88 Cal.App.3d 595, 606 [151 Cal.Rptr. 816].)

The hearsay statements, as to what plaintiffs' counsel's secretary reported to him, do not support plaintiffs' application. In view of defendants' objection, they were properly disregarded as inadmissible hearsay evidence of the truth of the matters reported. The fact such a report was made does not support plaintiffs' application. It was not stated in the declaration when the report was made. Obviously, if it occurred subsequent to the expiration of the time for filing the request for a de novo trial, it was irrelevant. On the other hand, if the report occurred promptly after the February 11 inquiry by the secretary, it made even more inexcusable counsel's failure to ascertain the date of filing by indicating that the arbitrator's award had, in all probability, been filed if it had been served by mail. The trial court's exercise of discretion must therefore be sustained.

The order appealed from is affirmed.

Lui, J., and Danielson, J., concurred.

A petition for a rehearing was denied August 2, 1982.