[No. B009321. Second Dist., Div. Three. Oct. 22, 1985.]

MJM, INC., Plaintiff and Appellant, v.
IESE TOOTOO et al., Defendants and Respondents.

COUNSEL

Wordes, Motley & Wilshin and Dale E. Motley for Plaintiff and Appellant.

Ure & Shupe, Richard M. Peterson and Robert J. Rossi for Defendants and Respondents.

OPINION

**LUI, J.**—Petitioner and appellant MJM, Inc., appeals from the trial court's order denying its petition for confirmation of a nonjudicial arbitration award. Because we conclude that respondents' opposition to the confirmation of the arbitration award could be premised on section 473 of the Code of Civil Procedure[1] and, further, that the trial court did not abuse its discretion in determining such relief available to respondents, we affirm.

### PROCEDURAL BACKGROUND

On or about October 4, 1983, appellant and respondents entered into a written agreement whereby appellant was to perform certain construction work on respondents' home. The agreement was set forth on a preprinted form with appropriate spaces for insertion of the terms particular to the proposed contract between the parties. Paragraph 30 of the agreement provided for the arbitration of any disputes which shall arise between the parties in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

Subsequent to the execution of the agreement, a dispute arose between the parties. Respondents apparently took the position that they had cancelled the agreement since the agreement was not to be effective until one week after they had secured financing for the construction. Since financing had not been obtained at the interest rate the parties had agreed to, respondents asserted that the agreement had been cancelled.

---

[1]Hereinafter all statutory references shall be to the Code of Civil Procedure unless otherwise indicated.

Section 473 provides in pertinent part that "[t]he court may, upon such terms as may be just, relieve a party . . . from a judgment, order, *or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect.* Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken; . . ." (Italics added.)

Pursuant to the terms of the agreement, appellant filed a claim with the American Arbitration Association seeking to commence arbitration of the dispute between it and respondents. Appellant claims to have served respondents with notice of the arbitration proceedings which were ultimately conducted in respondents' absence. At the conclusion of the arbitration proceedings, the arbitrator made an award to appellant of $6,155.81, which "includes out-of-pocket expenses, lost profits and consultations." Appellant was additionally allowed reimbursement of costs in the sum of $279.28 for the administrative fees of the American Arbitration Association. The arbitration award was dated May 4, 1984, and states that respondents failed to appear after due notice by mail in accordance with the construction arbitration rules of the American Arbitration Association.

Subsequently, on May 25, 1984, appellant filed a notice of motion in the superior court seeking a hearing on its petition for confirmation of the arbitration award. The hearing was set for July 9, 1984.

Respondents filed a response to the petition which objected to the trial court's confirmation of the arbitration award urging that the award should be vacated on grounds of fraud or other undue means in securing the award. (See § 1286.2.)[2] Respondents also based their opposition to the confirmation on section 473 asserting that they were not aware of the nature of the arbitration proceedings and that the undue means utilized by appellant to obtain the arbitration award amounted to mistake, inadvertence, surprise and excusable neglect on their part.

---

[2]Section 1286.2 provides: "Subject to Section 1286.4, the court shall vacate the award if the court determines that:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was corruption in any of the arbitrators;

"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator;

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title."

Section 1286.4 provides: "The court may not vacate an award unless:

"(a) A petition or response requesting that the award be vacated has been duly served and filed; or

"(b) A petition or response requesting that the award be corrected has been duly served and filed and:

"(1) All petitioners and respondents are before the court; or

"(2) All petitioners and respondents have been given reasonable notice that the court will be requested at the hearing to vacate the award or that the court on its own motion has determined to vacate the award and all petitioners and respondents have been given an opportunity to show why the award should not be vacated."

Attached to respondents' opposition to appellant's request for confirmation is the declaration of respondent Iese Tootoo. Mr. Tootoo's declaration states that he has a limited education and a poor understanding of the English language. He declared that when he received the letters in the mail (obviously with reference to the arbitration), he thought he had cancelled the loan and the agreement and was therefore not aware as to the reason why the documents were being sent to him. He further states that he had never been involved in arbitration before and did not know what it was about. Mr. Tootoo acknowledges that he signed the construction agreement but states that there were certain omissions in the agreement which appellant had represented would be inserted. Mr. Tootoo also indicates that appellant had promised him that he would get financing at 12.25 percent interest similar to the rate of interest on the loan he had with the Bank of America. He indicates he cancelled the agreement when the interest rate on the loan was determined to be at the higher amount of 14.25 percent. Mr. Tootoo also declares that appellant had told him that no work would begin until he received his money and that the agreement specifically provides that "work does not begin until one week after financing."

The hearing on the petition, initially set for July 9, 1984, was continued until July 16, 1984. Appellant filed a response which controverted the contents of respondent Iese Tootoo's declaration. Further responses to the petition were filed by respondents alleging that respondents had been induced by fraud to enter into the subject agreement, that a fraud had been committed upon the arbitrator who heard the case, and that respondents were entitled to relief under section 473. A second declaration filed by Iese Tootoo declared that he was not served with the petition to confirm the arbitration award on June 4, 1984, or at any other time so that his response to the petition was timely under section 1290.6.[3]

Ultimately, the matter was submitted on the basis of the papers filed in support of and in opposition to the petition without a formal hearing being conducted. On September 14, 1984, the court denied the petition for confirmation of the award and vacated the order of the arbitrator made on May 4, 1984. The minute order is silent as to the reasons for the trial court's decision.

Appellant filed a timely notice of appeal from the order vacating the arbitration award.

---

[3]Section 1290.6 provides in pertinent part that "[a] response shall be served and filed within 10 days after service of the petition . . . . The time provided in this section for serving and filing a response may be extended by an agreement in writing between the parties to the court proceeding or, for good cause, by order of the court."

APPELLANT'S CONTENTIONS ON APPEAL

Appellant's contentions on appeal may be summarized as follows:

1. Respondents' papers and opposition to the petition to confirm the arbitration award were filed untimely; and

2. Respondents' response to the petition for confirmation of the arbitration award failed to set forth grounds justifying relief under section 473.

DISCUSSION

■ Appellant's first contention is that respondents' reply to its petition was not timely because it was not filed within 10 days after service of the petition as required by section 1290.6. Appellant attached to its petition a proof of service indicating that respondents each had been served on June 4, 1984. Respondent Iese Tootoo's declaration of July 18, 1984, denies that he was served on June 4, 1984, or at any other time.

The issue of the timeliness of service, at least as to Iese Tootoo, was contested in the proceedings below. Appellant asserted Mr. Tootoo was served on June 4, 1984; Mr. Tootoo denies that he was ever served at all. However, it is quite clear that the trial court considered the positions of the parties as to service of the petition and treated the responses filed by respondents as timely. In the absence of any showing of prejudice to appellant, the trial court was well within its prerogative to evaluate credibility and consider the responses as timely under section 1290.6. (See *Travelers Indemnity Co. v. Bell* (1963) 213 Cal.App.2d 541, 545 [29 Cal.Rptr. 67], and *Atlas Plastering, Inc. v. Superior Court* (1977) 72 Cal.App.3d 63, 68 [140 Cal.Rptr. 59].)

We are hampered in our review of this case by the limited record on appeal and the lack of any specification in the trial court's minute order reflecting the reasons for its decision. ■ In our decision in *Alvarado v. City of Port Hueneme* (1982) 133 Cal.App.3d 695, 705 [184 Cal.Rptr. 154], we quoted from *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598 [153 Cal.Rptr. 423, 591 P.2d 911], wherein our Supreme Court affirmed a trial court's denial of relief from a judgment under section 473 and said: "'In reviewing the evidence in support of a section 473 motion, we extend all legitimate and reasonable inferences to uphold the judgment. The disposition of such a motion rests largely in the discretion of the trial court, and its decision will not be disturbed on appeal unless there has been a clear abuse of discretion. Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not

the trial court exceeded the bounds of reason, all of the circumstances before it being considered. (*In re Marriage of Carter* (1971) 19 Cal.App.3d 479, 494 [97 Cal.Rptr. 274]; *Troxell* v. *Troxell* (1965) 237 Cal.App.2d 147, 152 [46 Cal.Rptr. 723].) We have said that when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court. (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480]; *Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183].)' "

Our decision in *Alvarado* v. *City of Port Hueneme* considered the question of whether relief was available to a plaintiff under section 473 in a civil action in which a judgment was entered on a judicially mandated arbitration award on grounds that the judgment had been taken against plaintiff through mistake, inadvertence, surprise or excusable neglect. In *Alvarado,* we held that section 473 relief was available for judicial arbitration proceedings conducted pursuant to section 1141.10 et seq.[4] ■ We see no reason to deny the availability of section 473 relief in nonjudicial arbitration proceedings.

■ Applying our reasoning in *Alvarado* v. *City of Port Hueneme* to the instant facts, we are unable to conclude that the trial court abused its discretion in denying the petition to confirm the arbitration award on the grounds asserted by respondents. Respondent Iese Tootoo's declaration sets forth the position that he was not proficient in the English language, that he did not appreciate the nature of the documents mailed to him concerning the arbitration proceedings, and that he believed that the agreement had been cancelled because of his inability to obtain financing at a rate of interest promised by appellant.

The record below reflects that the trial court was sufficiently persuaded by respondent's declaration as demonstrating excusable neglect in respondents' failing to respond to the notice of arbitration, in failing to appear at the arbitration proceedings, and that on grounds of equity, the award should not be allowed to stand. Based on these factors, the trial court's exercise of its discretion should be sustained.

---

[4]Subsequent to our decision in *Alvarado,* Division Four of this District took issue with our decision in *Alvarado* in its decision in *Martinez* v. *Ralphs Grocery Co.* (1982) 138 Cal.App.3d 557, 561, footnote 4 [188 Cal.Rptr. 61]. This precise point, however, was resolved and put to rest when the Legislature amended section 1141.23, to add a reference to section 473, so that section now reads, "[s]uch [arbitration] award shall have the same force and effect as a judgment in any civil action or proceedings, except that it is not subject to appeal and it may not be attacked or set aside except as provided by *Section 473,* 1286.2, or Judicial Council rule." (Italics added.)

## Disposition

The order appealed from is affirmed.

Klein, P. J., and Arabian, J., concurred.